IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

Plaintiff,

vs.

KENE D. COLEMAN,

Defendants.

**8:23-CR-197**

**ORDER ON DEFENDANT'S MOTION SEEKING COPY OF THE PRESENTENCE INVESTIGATION REPORT**

This matter is before the Court on defendant Kene D. Coleman's *pro se* Motion Seeking Copy of the PSR, Filing 57.[1] The defendant "asks the Court to issue an order addressing the Clerk of Court to unseal his PSR for the sole purpose of verifying how many pages long it is and to inform Mr. Colemen how much it will cost him to produce a copy of it." Filing 57 at 1. Specifically, the defendant seeks a copy of his Revised Presentence Investigation Report so that he can "be ready once and if any changes to the Sentencing Guidelines are enacted in order to come before the Court via 18 U.S.C. § 3582(c)(2)." Filing 57 at 2. For the reasons below, the motion is denied.

Presentence Investigation Reports are confidential documents and remain sealed "unless a judge orders otherwise in a specific case." NECrimR. 32.2(b)(1); 18 U.S.C. § 3153(c)(1). The defendant acknowledges that he is not personally permitted to obtain a copy of his Revised Presentence Investigation Report. Filing 57 at 1 (saying "[i]t is well established that inmates may not have a copy of their PSR in their possession while in BOP custody"); *Harrison v. Lappin*, No.

[1] The defendant pleaded guilty to possession with intent to distribute 400 grams or more of fentanyl in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1) and was sentenced on November 7, 2024, to 151 months' incarceration. Filing 52 (Judgment).

Civ.A. 04-0061(JR), 2005 WL 752186, at *3 (D.D.C. Mar. 31, 2005) (collecting cases) (saying the Bureau of Prisons "expressly prohibits inmates from obtaining or possessing photocopies of their PSRs"); *Nelson v. United States*, Case No.: 5:17-cv-08012-MHH, 2021 WL 1574960, at *11 (N.D. Ala. Apr. 22, 2021) (same). Accordingly, the defendant requests that his family be able to obtain a copy of the Revised Presentence Investigation Report on his behalf. Filing 57 at 2.

As noted above, Presentence Investigation Reports are confidential documents. The United States District Court for the Eastern District of Missouri has explained,

> Presentence investigation reports are generally considered to be confidential documents and should be disclosed to third parties only under limited circumstances. *See United States Dep't of Justice v. Julian*, 486 U.S. 1, 12 (1988) ("the courts have typically required some showing of special need before they will allow a third party to obtain a copy of a presentence report"); *United States v. McKnight*, 771 F.2d 388, 391 (8th Cir.1985) ("Generally, pre-sentence reports are considered as confidential reports to the court and are not considered public records, except to the extent that they or portions of them are placed on the court record or authorized for disclosure to serve the interests of justice."). A district court has "supervisory powers over its own records and files," *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978), and as a result, the decision whether to release otherwise confidential presentence reports is largely committed to the court's discretion. *United States v. Gomez*, 323 F.3d 1305, 1308 (11th Cir.2003) (per curiam); *see United States v. Jewell*, 614 F.3d 911, 921 (8th Cir.2010) (district court's decision to provide or deny a criminal defendant access to another person's presentence investigation report is reviewed for abuse of discretion).

*Baranski v. United States*, No. 4:11-CV-123 CAS, 2013 WL 718872, at *4 (E.D. Mo. Feb. 27, 2013).

The court further explained,

> Several federal Courts of Appeals have adopted the "compelling need" test for disclosure of presentence investigation reports to third persons, under which a presentence report should not be released unless the third person has shown a "compelling need for disclosure to meet the ends of justice." *United States v. Charmer Industries, Inc.*, 711 F.2d 1164, 1176 (2d Cir.1983); *accord United States v. Huckaby*, 43 F.3d 135, 138 (5th Cir.1995); *United States v. Corbitt*, 879 F.2d 224, 239 (7th Cir.1989).

*Baranski*, 2013 WL 718872, at *4.

In support of the motion, the defendant has only stated that he "seeks to purchase a copy of his PSR and for it to be mailed to his family" so that he can "be ready once and if any changes to the Sentencing Guidelines are enacted in order to come before the Court via 18 U.S.C. § 3582(c)(2)." Filing 57 at 2. Neither Coleman, an incarcerated defendant prohibited from obtaining a copy of the Revised Presentence Investigation Report, nor any third-party has shown a special or compelling need for the Court to unseal the Revised Presentence Investigation Report or make it available for purchase. Among other reasons and as it relates to the defendant's stated reasons, this is so because there is no other motion requesting relief that is presently before the Court, making the request—at the minimum—premature. Therefore, recognizing the confidential nature of the Revised Presentence Investigation Report and the strict limitations on disclosures to third-parties, the Court finds that the third-parties referenced by the defendant are unable to obtain the Revised Presentence Investigation Report. The defendant's motion, Filing 57, requesting that the Revised Presentence Report be unsealed for the ultimate purpose of allowing his family to obtain a copy is denied.

Accordingly,

IT IS ORDERED that the defendant's Motion Seeking Copy of the PSR, Filing 57, is denied.

Dated this 24th day of November, 2026.

BY THE COURT:

Brian C. Buescher
Chief United States District Judge